UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HM COMPOUNDING SERVICES, LLC and HMX SERVICES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:14-CV-1858-JAR |
| EXPRESS SCRIPTS, INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PRECISION RX COMPOUNDING, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-0069-CEJ |
| EXPRESS SCRIPTS HOLDING CO., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Precision Rx Compounding, LLC, C&M Health Pro, LLC, Northern VA Compounders, PLLC, TOTH Enterprises II, P.A., The Daily Dose, LP, and CPRx Pharmacy, LP ("Precision Plaintiffs")'s Motion to Join Cases For Pretrial Purposes.[1] (Doc. No. 241) Precision Plaintiffs contend that the above-captioned matter, *Precision Rx Compounding, et al. v. Express Scripts Holding Company and Express Scripts, Inc.*, Case No. 4:16-cv-0069-CEJ (the "Precision Case"), pending before the Honorable Carol E. Jackson, involves common questions of law and fact with the earlier filed action, *HM Compounding Services, LLC v. Express Scripts, Inc.*, Case No. 4:14-cv-01858-JAR (the "HM

---

[1] While titled "Motion to Join Cases," the Court construes Precision Plaintiffs' motion as one for consolidation under Fed. R. Civ. P. 42(a).

Compounding Case"), pending in this Court. (Doc. No. 242 at 1-2) Precision Plaintiffs seek to consolidate the Precision Case with the HM Compounding Case for pretrial coordination purposes. Express Scripts opposes the motion, arguing that the cases involve different parties and different claims and are at substantially different procedural stages. (Doc. No. 251 at 2) No reply has been filed and the time to do so has passed. For the following reasons, the motion will be denied.

**Legal standard**

Federal Rule of Civil Procedure 42(a) provides that this Court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in ruling on a motion to consolidate. Environmental Protection Agency v. City of Green Forest, Arkansas, 921 F.2d 1394, 1402 (8th Cir. 1990). The party moving for consolidation bears the burden "to establish that consolidation would promote trial convenience and economy in administration." S.E.C. v. Gerhardt, 2007 WL 3144990, at *3 (E.D. Mo. Oct. 24, 2007) (quoting Criswell v. City of O'Fallon, MO, 2007 WL 2669114 at *1 (E.D. Mo. Sept. 6, 2007)). The fact that a common question of law or fact exists does not alone justify consolidation in the absence of other factors which would promote trial convenience and economy in administration. See Equal Employment Opportunity Commission v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate … if it leads to inefficiency, inconvenience, or unfair prejudice to a party.").

**Discussion**

In support of its motion, Precision Plaintiffs contend that both the Precision Case and the HM Compounding Case focus on the same or similar alleged anticompetitive actions by Defendant Express Scripts and other pharmacy benefit managers to boycott and eliminate

compounding pharmacies from the prescription drug market. Both cases involve compounded medications and pharmaceuticals covered by health plans and seek redress for the same or similar injuries to competition and to the Plaintiffs. (Doc. No. 242 at 3-4)

Express Scripts responds that consolidation would undermine rather than promote judicial efficiency because the cases involve different parties and claims and are at different procedural stages. (Doc. No. 251 at 4-5) The HM Compounding Case asserts six claims, including breach of contract, alleged violations of state statutes, and tort claims, as well as antitrust claims. The Case has been pending in this District since November 4, 2014. Express Scripts filed a motion for partial summary judgment on August 18, 2015. (Doc. No. 192) The Court stayed briefing on Express Scripts' motion and granted the parties 90 days to conduct phased discovery on the issues raised in the motion. (Doc. No. 208) The Court stayed discovery and all pending deadlines in the case from November 18, 2015 to December 8, 2015 while new counsel entered on behalf of Plaintiffs. (Doc. Nos. 215, 224) Thereafter the Court extended the initial discovery deadline until February 26, 2016 and the stay on briefing on Express Scripts' pending motion until March 28, 2016. (Doc. No. 227) According to Express Scripts, substantial discovery has occurred, including the production of tens of thousands of documents and seven depositions. Initial phased discovery is now closed. Express Scripts' dispositive motion is the current focus of the HM Compounding Case. By contrast, the Precision Case was only recently filed on January 15, 2016. A Rule 16 Conference has not been set and no scheduling order has been issued. An amended complaint[2] was filed on March 7, 2016 and the time for Express Scripts to file an answer or otherwise respond has not passed.

---

[2] Express Scripts acknowledges that some of the antitrust allegations asserted in the Precision Case are identical to those in the HM Compounding Case, but took issue with the fact that the Precision Plaintiffs had not alleged any state statute, contract, or tort claims at issue in the HM Compounding Case. (Doc. No.

There is substantial case authority for the proposition that consolidation may properly be denied in instances where the cases are at completely different stages of pretrial litigation. See Northstar Marine, Inc. v. Huffman, No. CIV.A. 13-0037-WS-C, 2014 WL 4167019, at *3 n.5 (S.D. Ala. Aug. 21, 2014) (citing cases). The HM Compounding Case has been pending since November 4, 2014 and substantial discovery has already occurred. Express Script's motion for partial summary judgment will be fully briefed and ready for disposition on March 28, 2016. Consolidating the Precision Case with the HM Compounding Case would necessarily slow down the HM Compounding Case, while the Precision Plaintiffs "catch up" in the consolidated litigation. The result would either prejudice Express Scripts or would be confusing and would not enhance efficiency. PB & J Software, LLC v. Acronis, Inc., No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012). Because Precision Plaintiffs have failed to demonstrate that consolidation is appropriate, their motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Precision Plaintiffs' Motion to Join Cases For Pretrial Purposes [241] is **DENIED**.

Dated this 16th day of March, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

251 at 2) In their amended complaint, Precision Plaintiffs have now added claims for violation of state statutes as well as tort claims under Virginia, Texas, Florida and Missouri law.