UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PRECISION RX COMPOUNDING, LLC, NORTHERN VA COMPOUNDERS, PLLC, TOTH ENTERPRISES II, PA, THE DAILY DOSE, LP, and CPRX PHARMACY, LP,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**EXPRESS SCRIPTS HOLDING COMPANY and EXPRESS SCRIPTS, INC.,**<br><br>　　　　　　　　　　　Defendants. | Case No. 4:16-cv-0069-RLW |

**PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING
THE COURT'S MAY 15, 2018 ORDER**

Plaintiffs Precision Rx Compounding, LLC ("Precision"), Northern VA Compounders, PLLC ("Northern VA"), Toth Enterprises II, PA ("Toth"), The Daily Dose, LP ("Daily Dose") and CPRX Pharmacy, LP ("CPRX") (collectively, "Plaintiff Pharmacies") file this Supplemental Notice Regarding the Court's May 15, 2018 Order[1], and state as follows:

**ARGUMENT**

I.　　Improper Search Terms

First, the Court held that Express Scripts has not yet demonstrated that documents related to other PBMs – i.e. other than the named co-conspirators CVS, Optum and Prime – are relevant to this action.  ECF No. 157 at 5.  Accordingly, Express Scripts' proposed search terms related to non-conspirator PBMs Aetna, Cigna and Humana (*see* ECF No. 159-2 at 3) are improper.  Similarly, Express Scripts proposed revised search term "(compound OR compounding … AND

---

[1] Plaintiff Pharmacies incorporate by reference ECF No. 161.

1

Express Scripts OR CVS … OR Aetna OR Humana ….)"[2] (*see* ECF No. 159-2 at 3) is improper because it seeks documents pertaining to non-conspirator PBMs.[3]

Second, the Court denied Express Scripts' motion to compel (ECF No. 134) regarding speculative lack of compliance or breach of agreements, and denied Express Scripts' motion to compel documents regarding patient incentives.  ECF No. 157 at 6-7.  Accordingly, the following Express Scripts' keyword searches are improper: (1) "(audit OR audits OR auditing OR investigate … AND copay OR co-pay ….)" (*see* ECF No. 159-2 at 2); (2) "(pric* OR cos* OR fees … customary OR AWP … w/25 (increase* … OR incent*)" (*see* ECF No. 159-2 at 2); and (3) "(copay OR co-pay OR copays OR co-pays) AND (collect* OR waiv* OR receiv* OR invoic* OR bill)" (*see* ECF No. 159-2 at 3).[4]  Further, the following proposed revised search terms from Express Scripts likewise are improper, because they pertain to speculative lack of compliance or breach, and/or incentivizing or steering patients: (1) "(volume OR fil OR prescription … w/25 shif* OR mov* OR incent* OR steer*….)" (*see* ECF No. 159-2 at 2); and (2) "("mail order" … OR "home delivery") AND (compound* … OR … crush* or bulk or powder* ….)" (*see* ECF No. 159-2 at 2).[5]

Third, the Court has held that Plaintiff Pharmacies' proposed production regarding transactional data is sufficient (ECF No. 157 at 7-8) and therefore denied Express Scripts' motion compel (ECF No. 138) regarding pricing, profit margins and the like.  Thus, again, Express Scripts' search term "(pric* OR cos* OR fees … customary OR AWP … w/25 (increase* … OR incent*)" (*see* ECF No. 159-2 at 2) is improper.

---

[2] In the interest of brevity, Plaintiff Pharmacies have excerpted proposed search terms.
[3] Further, and in any event, it is overbroad without any limiting term (*see* ECF No. 161-1), as it simply asks for any document relating to compounds.
[4] As the Court noted in its Order, the copayment information that Plaintiff Pharmacies will provide relates to injury and damages (ECF No. 157 at 8) – ***not fishing expeditions relating to speculative lack of compliance or breach***.
[5] In addition, as previously noted, these search terms still yield thousands of documents and are overbroad (*see* ECF No. 161-1).

II.	Search Terms Requiring Revision

Fourth, as previously demonstrated (*see* ECF No. 161 at 3-4), the following Express Scripts search terms yield unreasonable document hit counts: (1) "prior authorization" OR … pre-approval; (2) "hoops OR obstac* … AND (coverage OR formular* … OR … paymen*)"; (3) "(compound OR compounded … AND (eliminate* OR reduc* … OR minimize* OR market* … OR antitrust OR anticompetitive OR liab*); and (4) "professional compounding centers of america" OR PCCA …." *See* ECF No. 159-2 at 3-4.  The foregoing keyword searches are patently overbroad because, for instance, they simply contain numerous terms strung together with "OR" such that *any* (and all) of the keywords yield document hits, or because the search solely contains the name of a vendor utilized by industry pharmacies without any limiting terms (*see* ECF No. 150-6).  Plaintiff Pharmacies stand ready to reach agreement to further revise these four search terms.[6]

## CONCLUSION

For the foregoing reasons, the Court should strike Express Scripts' Improper Search Terms in Section I., order that the parties reach agreement on Search Terms Requiring Revision in Section II (and, if appropriate, reach agreement to further revise the three disputed search terms in "Terms ESI Agrees to Revise" set forth in ECF No. 159-2 at 2), and grant such other and further relief as the Court deems just and proper.

Dated: May 16, 2018                                        Respectfully submitted,

*/s/ Steven L. Bloch*
Steven L. Bloch (Pro Hac Vice #85371PA )
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901

---

[6] Further, should the Court deem it appropriate, Plaintiff Pharmacies stand ready to reach agreement to further revise the three disputed search terms in "Terms ESI Agrees to Revise" (*see* ECF No. 159-2 at 2).

3

Phone: 203-325-4491
Facsimile: 203-325-3769
sbloch@sgtlaw.com

Anthony G. Simon #38745MO
John G. Simon #35231MO
Benjamin Askew #58933MO
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
Phone: 314.241.2929
Facsimile: 314.241.2029
asimon@simonlawpc.com
jsimon@simonlawpc.com
baskew@simonlawpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system this 16th day of May, 2018.

*/s/ Steven L. Bloch*